Hillsborough-southern judicial district
No. 93-058

JANE E. SUTLIFFE

v.

THOMAS A. SUTLIFFE

April 5, 1994

*Jeffrey R. Howard*, attorney general (*Suzan M. Lehmann*, attorney, on the brief and orally), for the State.

*Thomas A. Sutliffe*, by brief and orally, *pro se*.

BROCK, C.J.   The defendant, Thomas Sutliffe, appeals from an order by the Superior Court (*Dalianis*, J.) approving the recommendations of the Marital Master (*Peter J. Bourque*, Esq.) that required him to make child support payments through the New Hampshire Division of Human Services. Because the order lacks necessary factual findings, we vacate and remand for further proceedings.

Thomas and Jane Sutliffe have engaged in a litigious and acrimonious divorce process requiring frequent intervention by the court. By the terms of the parties' temporary divorce decree entered in November 1990, the defendant was obligated to pay child support to the plaintiff, Jane Sutliffe, in the amount of $97.49 per week or $419.20 per month. In July 1991, the final divorce decree was entered and required the defendant to pay child support in the amount of $525.00 per month

Soon after the final divorce decree was issued, the plaintiff applied to the New Hampshire Division of Human Services (division) to re-

ceive child support enforcement services. In September 1991, the division moved on the plaintiff's behalf to modify the order for child support to require the defendant to pay child support through the division. Following a hearing on the division's motion held in April 1992, the marital master recommended and the trial court ordered the defendant to pay child support through the division and ruled that support in the amount of $525.00 per month had been due since August 1, 1991. The court denied the defendant's motion for reconsideration.

■ On appeal, the defendant contends that the court erred in ordering him to pay child support through the division when he was not in arrears. We will uphold the recommendations of a marital master in a divorce proceeding unless they are unsupported by the evidence or are erroneous as a matter of law. *Giles v. Giles*, 136 N.H. 540, 547, 618 A.2d 286, 291 (1992). The defendant argues that *New Hampshire Division of Human Services v. Hahn*, 133 N.H. 776, 584 A.2d 775 (1990), requires reversal of the order that he pay child support through the division. The division counters that our holding in *Hahn* preserved the discretion of the trial court to determine when support enforcement services should be ordered and did not limit support enforcement services to situations of support arrearages. Further, the division contends that the defendant was in arrears in support payments when the modification was ordered.

In *Hahn*, we examined the process of obtaining support enforcement services provided by the division. *See* RSA 161-B:3, II (1990) (current version at RSA 161-B:3, II (Supp. 1993)). In that case, the division appealed the trial court's denial of its petition to modify a child support order, arguing that the only requirements for support enforcement services were an obligation to pay child support by one parent and an application for services by the other parent. We concluded that "the term 'support enforcement services' in RSA 161-B:3, II does not include forcing this non-delinquent father to pay his support obligation through the Division." *Hahn*, 133 N.H. at 781, 584 A.2d at 778. We remanded to the trial court for further proceedings on the question of whether the father was delinquent in making child support payments. *Id*

■ We need not review RSA chapter 161-B again, having thoroughly covered the same ground in *Hahn*. When a parent is in arrears in paying his or her support obligation and the recipient parent is otherwise qualified, the enforcement procedures of RSA 161-B:3, II are available to compel compliance. At the hearing, the division

claimed that the defendant was in arrears in making support payments and the defendant denied the arrearages. In the recommendation to the superior court, the marital master concluded:

"Effective the week of May 17, 1992 the Defendant shall make support payments through the New Hampshire Division of Human Services. Additionally, it is to be noted that since the Defendant's Supreme Court appeal was never perfected, support has been payable in the sum of $525 per month since August 1, 1991."

The marital master made no determination of whether the defendant was in arrears or delinquent in making support payments. A finding of delinquency is required, however, before an obligated parent may be ordered to make support payments through the division. *See Hahn*, 133 N.H. at 781, 584 A.2d at 778.

■ Independent of the division's motion to modify the child support order, the plaintiff, through private counsel, filed a motion for payment of arrearages. That matter, along with the defendant's motion to find no child support arrearage and both parties' motions for contempt, proceeded before a different Marital Master (*Bruce F. Dalpra*, Esq.), who found in September 1992 that the defendant owed no support arrearage. The defendant urges us to apply the subsequent finding of no arrearage, made by a different marital master in a different proceeding, to the court's order to pay support through the division, and to hold that because there was no arrearage found in September 1992, the order of April 22, 1992, was legally erroneous. We find no legal basis for the defendant's contention. The subsequent determination that the defendant was not in arrears cannot be applied retroactively to the April 1992 order. Relevant circumstances may have changed before the subsequent hearing; specifically, the defendant may have made payments to correct arrearages that existed at the time of the April hearing. Therefore, the marital master's finding in September that the defendant was not then in arrears does not compel reversal of the April order. We remand the case for a specific finding as to whether the defendant was or is delinquent in making child support payments.

■ As the defendant's other issues were, at most, only mentioned in passing in the defendant's brief, we consider them waived. *State v. Hermsdorf*, 135 N.H. 360, 365–66, 605 A.2d 1045, 1048 (1992).

*Vacated and remanded.*

All concurred.